UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANK MULTARI, SR., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-355 |
| ) | |
| NADINE BENNETT, JOE STAMPER, ) | Judge Mattice |
| CLEVELAND/BRADLEY CHAMBER OF ) | |
| COMMERCE, INC., and ) | |
| STAMPER'S, LLC, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Plaintiff Frank Multari brings this action against Joe Stamper and Stamper's, LLC, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and the regulations promulgated thereunder, and 42 U.S.C. § 1983, and against Joe Stamper, Stamper's, LLC, Nadine Bennett, and Cleveland/Bradley Chamber of Commerce, Inc., alleging defamation, libel, disparagement, and conspiracy to commit libel in violation of state law.

Before the Court is a motion to dismiss filed by Defendants Joe Stamper and Stamper's, LLC in which the Defendants seek dismissal of Plaintiff's ADA claim and his state law claims of defamation, libel, and conspiracy to commit libel.[1]

For the reasons stated below, Defendants' Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**.

---

[1] The Court notes that, although Defendants' motion appears on its face to seek dismissal of all causes of action against the Defendants, it does not address Plaintiff's claims under 42 U.S.C. § 1983 or his claim of disparagement under Tennessee state law.

**I.      STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

In determining whether a complaint states a claim upon which relief can be granted under Rule 12(b)(6), courts hold pleadings drafted by *pro se* plaintiffs to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Parker v. Lucas County Bd. of Comm'rs*, 211 F.3d 1270, 2000 WL 571955, at *1 (6th Cir. May 3, 2000).

## II.     FACTS

Viewing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

In December of 2004, Plaintiff, his wife, and a friend were in Stamper's Furniture Store. (Court Doc. No. 4, Compl. Ex. 1, Def. 1, ¶ I.)  As a result of his disability, Plaintiff was unable to walk up the flights of stairs to the second and third floor selling areas. (*Id.*) Plaintiff asked the owner of the store, Joe Stamper, if the store had an elevator or other means of access to the second and third floors and was told by Stamper that it did not. (*Id.* ¶ II.)  Plaintiff then offered to assist Stamper by giving him suggestions on how he could make his store more accessible to persons with disabilities. (*Id.* ¶ III.) Plaintiff told Stamper that he was a licensed public referral consultant, and Stamper invited Plaintiff to return at a later date to discuss Plaintiff's recommendations for the store. (*Id.*)

Later that month, Plaintiff returned to the store to discuss ways to make the store more accessible. (*Id.* ¶ IV.) He gave Stamper a booklet published by the U.S. Department of Justice entitled "ADA Guide for Small Businesses," and he and Stamper discussed some methods by which Stamper could bring the store into compliance with ADA regulations. (*Id.* ¶¶ IV-V.)  Plaintiff suggested that Stamper could make a videotape showing the merchandise on display on the second and third floors to allow those with disabilities to view such merchandise, a recommendation that Plaintiff says would have cost under $200.00. (*Id.* ¶ VI.)  In response, Stamper stated that he had been in business for many years without complying with the requirements of the ADA and indicated that he was unwilling to make any adjustments to his store. (*Id.* ¶ V.)

On December 22, 2004, Nadine Bennett sent a Business Alert to possibly as many as 900 local businesses warning those businesses about Mr. Multari's "scheme." (*Id.* Def. 2, ¶ VI; *id.* Ex. 2.) Plaintiff alleges that Bennett sent the alert after communicating with, and at the behest of, Joe Stamper. (*Id.* Ex. 1, Def. 2, ¶ II.)

## III. ANALYSIS

Defendant seeks dismissal of Plaintiff's ADA, libel, defamation, and conspiracy claims.

### A. ADA Claim

Plaintiff's complaint alleges that the Defendants violated the retaliation and coercion provisions the ADA, 42 U.S.C. § 12203(a), (b). Defendants argue that Plaintiff's complaint fails to state a claim of retaliation under the ADA because (1) Plaintiff does not clearly identify the "protected activity" in which he was engaged, (2) Plaintiff does not allege that Joe Stamper or Stamper's, LLC knew that Plaintiff was involved in a protected activity, (3) Plaintiff does not adequately allege an adverse course of action or a decision taken against Plaintiff by the Defendants, and (4) Plaintiff does not adequately allege a causal connection between any protected activity and any adverse course of action or decision.[2]

To survive a motion to dismiss for failure to state a claim, Plaintiff must sufficiently allege each of the following elements of a *prima facie* case of retaliation under the ADA:

---

[2] In their original memorandum, Defendants claimed that they could not discern from Plaintiff's complaint the particular sections of the ADA under which Plaintiff was suing, and they analyzed Plaintiff's claim as if it were a discrimination claim under the ADA. Consequently, Defendants argued that Plaintiff's complaint fails to state a claim under the ADA because (1) Plaintiff does not adequately allege that he suffers from an ADA-protected disability and (2) Plaintiff does not adequately allege that he suffered any discrimination at the hands of Joe Stamper and Stamper's, LLC. It is clear to the Court from Plaintiff's answer to question 1 in his complaint that the section of the ADA under which he is suing is 42 U.S.C. § 12203. Accordingly, the Court will disregard Defendants' original arguments that were directed to a different section of the ADA.

-4-

(1) Plaintiff was engaged in protected activity; (2) Defendants knew that Plaintiff was involved in protected activity; (3) Defendants made a decision or took a course of action that was adverse to Plaintiff; and (4) a causal connection exists between the protected activity and the adverse decision or course of action. *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 148 (2d Cir. 2002); *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999).

First, Defendants argue that Plaintiff does not sufficiently allege that he was engaged in a protected activity. The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. This statute includes an obligation to provide disabled persons with physical access to a place of public accommodation. *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32-33 (2d Cir. 2000). The failure to make a requested reasonable modification that is necessary to accommodate a plaintiff's disability can form the basis for a discrimination claim under the ADA. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004). Further, protected activity under the ADA includes not only a person's opposition to conduct that is unlawful, but also opposition to conduct that the person reasonably believes is unlawful. *Barnes v. Benham Group, Inc.*, 22 F. Supp. 2d 1013, 1022 (D. Minn. 1998). As a result, to sufficiently allege that he was engaged in a protected activity, Plaintiff could allege that he had a reasonable, good faith belief that he was entitled to request a reasonable accommodation that he actually requested. *Williams v. Philadelphia Housing Auth. Police Dep't*, 380 F.3d 751, 759 n.2 (3d Cir. 2004).

In this case, Plaintiff alleges that he was "not able to walk up many flights of stairs to the second and third floor selling areas, because of [his disability]." (Compl. Ex. 1, Def. 1, ¶ I.) He then "spoke to the owner to see if he had an elevator or other means to access those floors" and was told that there was no other means of access. (*Id.* ¶ II.) Plaintiff suggested several alternatives that Mr. Stamper could implement to allow the disabled access to the upper floors, including the use of video equipment, but Mr. Stamper was unwilling to make any changes. (*Id.* ¶¶ V-VI.)

Defendants assert that these allegations are insufficient because Plaintiff does not allege that he was a customer or potential customer. The Court disagrees: Plaintiff has sufficiently alleged facts from which it can be inferred that Plaintiff was present in the store as a customer. (Compl. Ex. 1, Def. 1, ¶ 1.)

Defendants further assert that Plaintiff's allegations are insufficient because they do not identify or describe a protected activity. The Court, however, believes that Plaintiff's allegations, and the inferences that can be drawn from those allegations, are sufficient to make out Plaintiff's involvement in a protected activity – namely, that he reasonably believed that Stamper's, LLC was denying those with disabilities, including Plaintiff, physical access to a portion of the furniture store and that he requested a reasonable accommodation by way of the use of video equipment. It is true that Plaintiff's complaint does not use this particular language, but the Court must read liberally a *pro se* plaintiff's complaint. Although Plaintiff may not ultimately prevail on this particular issue, Plaintiff's allegations are sufficient to state his involvement in a protected activity under the Rule 12(b)(6) standard.

Second, Defendants argue that Plaintiff does not sufficiently allege that Mr. Stamper or Stamper's, LLC knew that Plaintiff was engaged in protected activity. Given the Court's conclusion above, it is clear that Plaintiff has sufficiently alleged this element because his complaint states that he told Mr. Stamper, the owner of Stamper's, LLC, that he was unable to access the upper floors because of a disability and made his suggestion regarding video equipment directly to Mr. Stamper.

Third, Defendants argue that Plaintiff does not sufficiently allege an adverse course of action or adverse decision taken by Defendants. Essentially, Plaintiff's complaint alleges that the adverse course of action taken by Defendants was Joe Stamper encouraging Nadine Bennett to send out a Business Alert that contained false statements about Plaintiff and his business in an attempt to prevent Plaintiff from making a charge against Stamper for violation of the ADA and to interfere with Plaintiff's business. (Compl. Ex. 1, Def. 2, ¶¶ I-II.) Defendants have cited no authority for their assertion that this is not actionable retaliatory conduct. The Court believes that Plaintiff's allegations, if true, could amount to retaliatory conduct, as Defendant Stamper's alleged actions could have had the effect of chilling Plaintiff's exercise of his ADA-protected rights. Thus, Plaintiff's allegations of an adverse course of action are sufficient to survive the motion to dismiss.

Fourth, Defendants argue that Plaintiff has not sufficiently alleged a casual connection between Plaintiff's involvement in any protected activity and any adverse course of action taken by Defendants. Although some courts have held that proof of temporal proximity alone may not be sufficient to prevail on a motion for summary judgment, *Balmer v. HCA, Inc.*, 423 F.3d 606, 615 (6th Cir. 2005), other courts have found that a causal connection may be proved circumstantially by proof that the adverse course of action

-7-

Case 1:05-cv-00355   Document 25   Filed 04/05/06   Page 7 of 11   PageID #: 7

followed the protected activity so closely in time as to justify an inference of retaliatory motive. *Mitchell v. Iowa Prot. & Advocacy Servs., Inc.*, 325 F.3d 1011, 1014 (8th Cir. 2003). In this instance, the time between the alleged protected activity and the alleged adverse course of action is quite short – around two weeks. (Compl. Ex. 1, Def. 1, ¶¶ I, IV; *id.* Def. 2, ¶ I.) This extremely short time span, coupled with Plaintiff's allegation that the Business Alert was sent "at the behest of Joe Stamper," is sufficient to allege the necessary causal connection in order to survive the motion to dismiss.

Accordingly, because Plaintiff has sufficiently alleged the elements of a *prima facie* case of retaliation under the ADA, Plaintiff's ADA claim will not be dismissed for failure to state a claim upon which relief can be granted.

**B.     Libel & Defamation**

Defendants seek the dismissal of Plaintiff's claims of libel and defamation for failure to state a claim upon which relief can be granted.[3] Because libel is defamation in a written form, *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994), the Court will treat these claims as one cause of action.

To establish a *prima facie* case of defamation, plaintiff must sufficiently allege that "1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; and 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l*

---

[3] Defendants also seek the dismissal of any slander claim. Slander is defamation in a spoken form. *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994). It is not clear on the face of the complaint whether Plaintiff actually attempts to state a cause of action for slander, but Plaintiff has confirmed in his response to Defendants' motion that he did not intend to state a claim for slander. Accordingly, the Court will not address Defendants arguments with regard to any slander claim.

*Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "Publication" means the communication of the defamatory matter to a third party. *Id.* With respect to a claim of libel, such publication must be by written means. *Quality Auto Parts Co.*, 876 S.W.2d at 820.

In this case, Defendants argue that Plaintiff fails to state a claim for defamation because there is no allegation of publication by Joe Stamper or Stamper's, LLC of any statement. Plaintiff attached to his complaint what he claims are the written words constituting libel: the Business Alert sent by Nadine Bennett. (Compl. Ex. 2.) There is no allegation that Joe Stamper sent the Business Alert. Plaintiff does allege, however, that "the defendants have refused my attempts to have them retract their untrue slanderous and libelous per-se statements." (*Id.* Ex. 1, Def. 2, ¶ III.) The "defendants" in that sentence are Joe Stamper and Nadine Bennett; thus, that sentence seems to allege that Mr. Stamper made some sort of statement. The complaint, however, does not identify any written statement made by Mr. Stamper. Additionally, taking all of Plaintiff's allegations together, the complaint seems to allege that there was some type of communication between Mr. Stamper and Ms. Bennett in which Mr. Stamper related his experiences with Plaintiff. Plaintiff, however, does not allege, and the Court may not assume, the existence of a written statement from Mr. Stamper to Ms. Bennett. Without an allegation of a written statement by Mr. Stamper, Plaintiff has failed to sufficiently allege publication by Mr. Stamper.

Accordingly, because Plaintiff has failed to allege one of the elements of a *prima facie* case of defamation, Plaintiff's claim of defamation against Joe Stamper and Stamper's, LLC will be **DISMISSED WITH PREJUDICE**.

### C. Conspiracy to Commit Libel

Defendants argue that Plaintiff has not sufficiently alleged a cause of action for conspiracy to commit libel.

"An actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002). "The requisite elements of a cause of action are common design, concert of action, and an overt act." *Jackson v. Goble*, No. M2004-00936-COA-R3-CV, 2005 WL 3190333, at *2 (Tenn. Ct. App. Nov. 28, 2005).

Defendants assert that, without stating a claim for defamation, Plaintiff cannot state a claim for conspiracy to defame. Defendants are incorrect. In a civil conspiracy, each conspirator is responsible for everything done by his co-conspirator. *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001). Thus, even if there is no evidence that Mr. Stamper published a defamatory statement, if there is evidence of the other elements of civil conspiracy, then Mr. Stamper can be held liable for Ms. Bennett's publication of a defamatory statement.

Because the Court has rejected Defendants' only argument regarding Plaintiff's civil conspiracy claim, Plaintiff's claim will not be dismissed for failure to state a claim upon which relief can be granted.

**IV. CONCLUSION**

Defendants' motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim of defamation against Defendants Joe Stamper and Stamper's, LLC will be **DISMISSED WITH PREJUDICE**. Plaintiff's claims under the ADA and 42 U.S.C. § 1983 and his state law claims of disparagement and civil conspiracy remain pending.

A separate order will enter.

            *s/ Harry S. Mattice, Jr.*
            HARRY S. MATTICE, JR.
            UNITED STATES DISTRICT JUDGE