UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| FRANK MULTARI, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05-cv-355 |
| | ) | MATTICE/CARTER |
| NADINE BENNETT, JOE STAMPER, | ) | |
| STAMPER'S FURNITURE COMPANY, and | ) | |
| CLEVELAND/BRADLEY CHAMBER | ) | |
| OF COMMERCE, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

I. Introduction

The plaintiff, Frank Multari acting *pro se,* moves the Court (Doc. 65) to amend his complaint to add Jerry Bohannon as a defendant in this action. For the reasons stated herein, it is RECOMMENDED plaintiff's motion be DENIED in part and GRANTED in part.[1]

II. Relevant Facts

The plaintiff's complaint, as originally filed, alleges the following:

In December of 2004, Plaintiff, his wife, and a friend were in Stamper's Furniture Store. (Court Doc. No. 4, Compl. Ex. 1, Def. 1, ¶ I). As a result of his disability, Plaintiff was unable to walk up the flights of stairs to the second and third floor selling areas. (*Id.*) Plaintiff asked the

---

[1]Because the undersigned concludes the plaintiff's proposed amendment should be denied in part, I am submitting this opinion in the form of a Report and Recommendation. I do so because, absent consent of the parties, a magistrate judge is not authorized to make final decisions dispositive of a claim or defense of a party. *See* Fed. R. Civ. P. 72, 28 U.S.C. § 636(b)*; HCC, Inc. v. RH & M Machine Co.*, 39 F.Supp. 2d 317 (D.C.N.Y. 1999) (magistrate judge's recommendation that defendant's motion for leave to amend a pleading be denied as futile would be reviewed *de novo* because denial of leave to amend was dispositive).

1

owner of the store, Joe Stamper, if the store had an elevator or other means of access to the second and third floors and was told by Stamper that it did not. (*Id.* ¶ II.) Plaintiff then offered to assist Stamper by giving him suggestions regarding how he could make his store more accessible to persons with disabilities. (*Id.* ¶ III.) Plaintiff told Stamper that he was a licensed public referral consultant, and Stamper invited Plaintiff to return at a later date to discuss Plaintiff's recommendations for the store. (*Id.*)

Later that month, Plaintiff returned to the store to discuss ways to make the store more accessible. (*Id.* ¶ IV.) He gave Stamper a booklet published by the U.S. Department of Justice entitled "ADA Guide for Small Businesses," and he and Stamper discussed some methods by which Stamper could bring the store into compliance with regulations under the Americans With Disabilities Act (ADA). (*Id.* ¶¶ IV-V.) Plaintiff suggested that Stamper could make a videotape showing the merchandise on display on the second and third floors to allow those with disabilities to view such merchandise, a recommendation that Plaintiff says would have cost under $200.00. (*Id.* ¶ VI.) In response, Stamper stated that he had been in business for many years without complying with the requirements of the ADA and indicated that he was unwilling to make any adjustments to his store. (*Id.* ¶ V.)

On December 22, 2004, Nadine Bennett, an employee of the Chamber, sent a Business Alert to possibly as many as 900 local businesses warning those businesses about Mr. Multari's "scheme." (*Id.* Def. 2, ¶ VI; *id.* Ex. 2.) Plaintiff alleges that Bennett sent the alert after communicating with, and at the behest of, Joe Stamper. (*Id.* Ex. 1, Def. 2, ¶ II.).

The plaintiff now moves to amend his complaint. In his motion, the plaintiff sets forth a particular section entitled "AVERMENTS." While it is not entirely clear to the Court, the

2

undersigned believes it is this section entitled "AVERMENTS" which the plaintiff seeks to add to his complaint. The "AVERMENTS" section states in full:

> THIS PLAINTIFF AVERS THAT HE STATED TO MR. STAMPER THAT HE MAY BE IN VIOLATION OF ADA DISCRIMINATION LAWS AND OFFERRED TO ADVISE HIM OF SOME METHODS IN WHICH HE MIGHT MAKE HIS STORE MORE ACCESSIBLE TO PERSONS WITH DISABILITIES.
>
> MR. JOE STAMPER FROM HIS SWORN AFFIDAVIT, STATES THAT HE INFORMED MR. BOHANNON THE CEO OF THE CLEVELAND / BRADLEY CHAMBER OF COMMERCE ABOUT MY COMPLAINTS OF HIS STORE NOT BEING IN COMPLIANCE WITH THE ADA LAWS.
>
> THIS PLAINTIFF FURTHER AVERS THAT JOE STAMPER AND STAMPER'S LLC ASKED MR. BOHANNON TO TAKE RETALITORY ACTION AGAINST THIS PLAINTIFF IN ORDER TO STOP HIM FROM MAKING AN ADA CHARGE.
>
> THIS PLAINTIFF AVERS THAT MR. BOHANNON THE CEO OF THE CLEVELAND / BRADLEY CHAMBER OF COMMERCE DID COMPLY WITH JOE STAMPER AND STAMPER'S LLC REQUEST TO RETALIATE AND THEREBY MR. BOHANNON INSTRUCTED NADINE BENNETT TO SEND OUT A LIBELOUS (PER-SE) AND DISPARAGMENT (PER-SE) ALERT, IN RETALIATION AND AS A FAVOR TO MR. STAMPER AND STAMPER'S LLC.
>
> THIS PLAINTIFF FURTHER AVERS THAT MR. BOHANNON MAY HAVE IN AN ATTEMPT TO HIDE HIS IDENTITY AS BEING THE PERSON WHO CONSPIRED WITH JOE STAMPER AND STAMPER'S LLC TO SEND OUT THAT MALICIOUS ALERT, USED NADINE BENNETT'S NAME ATTACHED TO THE ALERT IN A SUCCESSFUL ATTEMPT TO HIDE HIS OWN IDENTITY AND CO-CONSPIRATOR ACTIVITY AS BEING THE ONE WHO AUTHORED THE ALERT AND HAD IT TRANSMITTED AND HAD FRAUDULENTLY USED NADINE BENNETT'S NAME AFFIXED TO THE FAX TO HIDE HIS IDENTITY AND CULPABILITY IN BEING NAMED AS A DEFENDANT IN THIS ACTION. (Plaintiff's

3

Motion to Amend at 2, Doc. 65) (text is presented exactly as set forth in the motion to amend.). Based on the above averments, the undersigned concludes plaintiff seeks to add Mr. Bohannon as a defendant and to allege against him a claim of retaliation in violation of the Americans with Disabilities Act and claims of civil conspiracy, libel and disparagement under state law.

### III. Analysis

1. Standard of Review

Under Fed. R. Civ. P. 15(a), leave to amend is freely given where justice so requires, but a court may deny leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 752 (6th Cir. 2002); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).

2. Disparagement

The District Court in this case has previously determined that no cause of action for disparagement exists in Tennessee (*See* Court's June 20, 2006 Memorandum and Order at 30, Doc. 87), thus it would be futile to allow an amendment to add this claim. It is therefore RECOMMENDED the plaintiff's motion to amend to add a claim against Jerry Bohannon of disparagement under Tennessee law be DENIED.

3. Statute of Limitations Argument

As for the remaining claims of retaliation in violation of Title III of the Americans With Disabilities Act (ADA) and the common law claims of civil conspiracy and libel, defendant Cleveland/Bradley Chamber of Commerce (the Chamber) asserts that allowing the plaintiff to amend his complaint to add these claims would be futile because the claims are barred by the one

4

year statute of limitations found in Tenn. Code Ann. § 28-3-104.[2]

According to the plaintiff's original complaint, filed December 21, 2005, and the proposed amendments, the event giving rise to this action, faxing the alert, occurred on December 22, 2004. Mr. Multari moved to amend his complaint and add Jerry Bohannon on May 23, 2006, seventeen months after the cause of action for libel arose.[3] Nevertheless, the undersigned concludes that the proposed amended claims for libel, civil conspiracy, and violations of Title III of the ADA are not time barred as they relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c). Fed. R. Civ. P. 15(c) provides in relevant part:

> **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
>        \*      \*      \*
>
> **(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> **(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the

---

[2] Because the ADA does not provide a statute of limitations period for claims brought under Title II or III, the most appropriate or analogous state statute of limitations period applies. *Burkhart v. Widener University, Inc.*, 70 Fed. Appx. 52, 53 (3d Cir. April 21, 2003); *see also Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003) (Applying Minnesota statute of limitations for Title III ADA claim); *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir.1996) (applying the two-year Illinois personal injury statute of limitations to ADA discrimination claims under Title III).

[3] Neither the complaint nor the proposed amended complaint state when Mr. Multari first learned of this "Alert."

identity of the proper party, the action would have been brought against the party.

The plaintiff's proposed amendment alleges that Bohannon conspired with Joe Stamper to send to members of the Chamber the business alert which libeled him in retaliation for his attempts to assert his rights under the ADA. In essence, he is actually attempting to substitute Bohannon for Nadine Bennett who, he originally believed and alleged, caused the offensive business alert to be issued. Thus the claims asserted in the proposed amendment arise out of the same conduct, transaction, or occurrence set forth in the original pleading. Further, Mr. Bohannon is the president and Chief Executive Officer of the Chamber. (Court Doc. No. 76, Bohannon Aff. ¶ 1). Nadine Bennett received service of the summons and original complaint on January 13, 2006 at the Chamber's offices. (Court Doc. 8). Jerry Bohannon signed the return receipt for service of process. *Id.* Thus, the undersigned can easily conclude that the requirements of Rule 15(c)(3) concerning notice have also been met and that Mr. Bohannon will not be prejudiced by bringing him into the litigation at this stage.

4. ADA Claim for Retaliation

Therefore, because the plaintiff's proposed amendment relates back to the original complaint, it is RECOMMENDED that plaintiff's motion to amend his complaint to add a claim against Jerry Bohannon for retaliation in violation of Title III of the ADA be GRANTED.

5. Libel

The undersigned does not, however, make such a recommendation for plaintiff's proposed claim of libel against Mr. Bohannon for the following reason: The District Court has recently granted summary judgment to the Chamber on the plaintiff's libel claim in an Order

6

entered on June 20, 2006. (*See* Court Doc. 87). In an affidavit presented to the Court in support of the Chamber's motion for summary judgment, Jerry Bohannon stated he was responsible for the business alert regarding Frank Multari and that he had it faxed only to members of the Chamber. (Bohannon Aff. ¶ ¶ 6-7, Court Doc. No. 76). Though he had opportunity to do so, the plaintiff came forward with no evidence to show that the fax had been sent to anyone other than a Chamber member. (June 20, 2006 Order at 31 n. 6.) One of the required elements of libel is the publication of the defamatory statement. (*See* June 20, 2006 Order at 30.) "'Publication' is communication of the defamatory matter to a third party." *Id.* The District Court held that publication of the alert to only members of the Chamber, a corporation, does not constitute third party publication for purposes of maintaining a libel claim, thus the Chamber was entitled to summary judgment on this claim. *Id.* The District Court's conclusion that no publication of the alert occurred, as required under state law, constitutes part of the law of the case. *Bowling v. Pfizer, Inc.* 132 F.3d 1147, 1150 (6th Cir. 1998) ("under the law of the case, the court is ordinarily precluded from reexamining an issue previously decided by the same court or a higher court in the same case.") Consequently, allowing the plaintiff to amend his complaint to assert a claim of libel against Mr. Bohannon would be futile because the plaintiff cannot show the required element of publication to a third party. Therefore, it is RECOMMENDED the plaintiff's motion to amend his complaint to add a libel claim against Mr. Bohannon be DENIED.

      6. Civil Conspiracy

    I also decline to recommend granting the plaintiff's motion to add a claim of civil conspiracy against Mr. Bohannon even though the claim is not time barred. To maintain an

action for civil conspiracy the plaintiff must show (1) a common design, (2) concert of action, and (3) an overt act. (District Court's June 20, 2006 Memorandum and Order at 22, Court Doc. 87) (citing *Jackson v. Goble*, No. M2004-00936-COA-R3-CV, 2005 WL 3190333 * 2 (Tenn. Ct. App. Nov. 28, 2005)).   The District Court recently granted Joe Stamper's, Nadine Bennett's and the Chamber's motions for summary judgment on the plaintiff's claim of civil conspiracy. *Id.* at 23.  The District Court found, based on the evidence presented in the record that, "Mr. Stamper did not request or suggest to Ms. Bennett *or any other person connected with the Chamber* that information about Mr. Multari and his consulting firm be mailed, faxed, or otherwise published by the Chamber." *Id.* at 18 (emphasis added).  The District Court acknowledged that Joe Stamper had talked with Jerry Bohannon about Mr. Multari but found Mr. Stamper had not suggested or requested any communication about the plaintiff be sent.  The Court concluded Stamper had no common design nor had he acted in concert with anyone from the Chamber to defame the plaintiff, and the Court granted the Chamber's, Ms. Bennett's, and Mr. Stamper's respective motions for summary judgment on the plaintiff's civil conspiracy claim.[4] *Id.* at 23.  The District Court's decision as to this issue constitutes part of the law of the case.  Since Mr. Stamper did not request or suggest to any person connected with the Chamber that information about Mr. Multari be sent to Chamber members, the plaintiff cannot show that Mr. Bohannon, Chamber President, had a common design or acted in concert with Mr. Stamper to send the offensive alert to Chamber members.  Thus it would be futile to allow the plaintiff to amend his complaint to

---

[4] I also note that the plaintiff has not produced any evidence in support of his motion to amend to add Mr. Bohannon which conflicts with this conclusion.

8

add a claim of civil conspiracy against Mr. Bohannon, and, therefore, it is RECOMMENDED this portion of the plaintiff's motion to amend be DENIED.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED that the plaintiff's motion to amend his complaint to add a claim of retaliation in violation of the ADA against Jerry Bohannon be GRANTED and the plaintiff's motion to amend his complaint to add claims of libel, disparagement and civil conspiracy against Jerry Bohannon be DENIED.[5]

                                        s/William B. Mitchell Carter
                                        UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).