UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANK MULTARI, SR., ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-355 |
| ) | |
| NADINE BENNETT, JOE STAMPER, ) | Judge Mattice |
| CLEVELAND/BRADLEY CHAMBER OF ) | |
| COMMERCE, INC., and ) | |
| STAMPER'S, LCC, ) | |
| ) | |
|    *Defendants*. ) | |

## ORDER

United States Magistrate Judge William B. Mitchell Carter filed a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a). [Court Doc. No. 99.] None of the parties filed an objection within the given 10 days. Having reviewed the record, the Court hereby **ACCEPTS IN PART** and **REJECTS IN PART** Magistrate Judge Carter's Report and Recommendation.

The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's Report and Recommendation insofar as he recommends that the Court deny Plaintiff's motion to amend his complaint to assert causes of action for libel, disparagement, and civil conspiracy against Jerry Bohannon.

The Court **REJECTS** Magistrate Judge Carter's Report and Recommendation insofar as he recommends that the Court grant Plaintiff's motion to amend his complaint to assert a cause of action for retaliation in violation of the Americans with Disabilities Act ("ADA") against Mr. Bohannon. In the time since Magistrate Judge Carter entered his Report and Recommendation, the Court has dismissed with prejudice Plaintiff's cause of

action against Cleveland/Bradley Chamber of Commerce, Inc. (the "Chamber") for retaliation in violation of the ADA. The facts underlying Plaintiff's ADA claim against the Chamber are precisely the same facts underlying the ADA claim Plaintiff wishes to assert against Mr. Bohannon: all of the alleged wrongful actions taken on behalf of the Chamber were personally taken by Mr. Bohannon. The Court has already concluded that Mr. Bohannon's actions do not support a claim of retaliation under the ADA, as they do not amount to an adverse decision or course of action taken against Plaintiff. [Court Doc. No. 102.] Thus, Plaintiff's motion to amend his complaint to assert an ADA retaliation claim against Mr. Bohannon must be denied as futile. *See* Fed. R. Civ. P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend.).

Accordingly, the Court **ORDERS** that Plaintiff's motion to amend his complaint to add Jerry Bohannon as a Defendant [Court Doc. Nos. 65, 81] is **DENIED**.

The Court having dismissed with prejudice all claims pending against all Defendants, there remains nothing left for trial or decision by the Court. Accordingly, the following motions are **DENIED AS MOOT**: Plaintiff's Motion for Attachment of Defendants' Assets [Court Doc. No. 7]; Plaintiff's Motion for Attachment of Defendants' Assets or, in the Alternative, Motion for a Judicial Bond Against the Defendants in the Amount of $5,000,000.00 [Court Doc. No. 39]; Plaintiff's Motion for a Mandatory Injunction Against

Joe Stamper and Stamper's, LLC [Court Doc. No. 40]; Plaintiff's Motion to Amend and to Include New Evidence for the Attachment of the Defendants' Non-Exempt Assets or, in the Alternative, a Judicial Bond in the Amount of $5,000,000.00 [Court Doc. No. 46]; Plaintiff's Motion to Incorporate Plaintiff's Amendment Filed on 5/12/06 in Response to Defendants' Response to Plaintiff's Motion for Attachment of Defendants' Assets [Court Doc. No. 51]; Plaintiff's Motion to Keep in File the Affidavit of Frank Multari Filed with the Court on 5/22/06 [Court Doc. No. 72][1]; the Motion for Entry of Final Judgment as to Joe Stamper and Stamper's, LLC [Court Doc. No. 89]; and Plaintiff's Motion to Rest the Above Entitled Case on the Papers Already on File with the Court [Court Doc. No. 93].

In addition, the Court has reviewed Plaintiff's Motion to Admonish All of the Above Named Defendants Attorneys for the Intentional Infliction of Mental, Physical & Financial Distress Through Acts of Continuing Harassment, Conspiracy and Collusion Against This Plaintiff, and the responses thereto. For the reasons stated in Defendants' responses, the Court finds that such motion [Court Doc. No. 47] is unfounded and is hereby **DENIED**.

The Clerk is directed to close the file in this case.

SO ORDERED this 6th day of September, 2006.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] In its Memorandum and Order entered on June 20, 2006, the Court granted the motion by Defendants Joe Stamper and Stamper's, LLC to strike Plaintiff's affidavit, so Plaintiff's motion to keep his affidavit in the file was effectively denied at that time, although the Court failed to specifically mention the denial in its order.